UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

| | |
|---|---|
| THEODORE GAMBLE-WILLIAMS, | ) |
| vs. | ) Docket No._____ |
| BOSTON POLICE DEPARTMENT, BOSTON POLICE OFFICER JOHN DOE, and BOSTON POLICE OFFICER JANE DOE, Defendants. | ) JURY TRIAL DEMAND |
| (In their official and individual capacities.) | ) |

42 U.S.C. Section 1983 Civil Rights Complaint
(non-prisoner)

## I. INTRODUCTION

1. Pursuant to 42 U.S.C. section 1983, "Civil Action for Deprivation of Rights", "every person who, under color of any statue ordinace, custom, or usage, of any state [...], subjects, or cause to be subjected, any citizen of the United States or any other jurisdiction thereof to deprivation of any rights, privilges, or immunitites secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. Except that in any act…

## II. PARTIES

Plaintiff

2. Theordore Gamble-Williams is a citizen of the United States of America and was at all relevant times in this Complaint a legal

residence of the Commonwealth of Massachusetts. The plaintiff shall be identified throughout this Complaint as "Mr. Williams" or as "the plaintiff". He currently resides at:

>   Old Colony Correctional Center
>   1 Administration Road
>   Bridgewater, MA 02324.

Defendants

3. **Boston Police Department** is the employer for the persons' defendants in this Complaint and shall be identified throughout this Compalint as "Def.BPD". As the defendants employer, Def. BPD is responsible for the training and supervision for the defendants. Def. BPD is liable for the defendants violations to the Plaintiff's Constitutional and State rights.

4. Defendant BPD is being sued in its officials capacity and its current place of employment is at:

>   1 Schroeder Plz.
>   Roxbury, MA 02120-2114.

5. **John Doe**, whose legal identity is not known to the plaintiff at the time this action is filed, was at all relevant times in this Complaint an Officer of the Boston Police Department and was acting under color of state law and statue; as well as in his individual capacity.

John Doe will be referred to in this Complaint as "Def. #2" until the identity of this defendant is provided in discovery and the Complaint is amended to reflect such name. His current place

2

of employment is at:

> 1 Schroeder Plz.
> Roxbury, MA 02120-2114.

6. <u>Jane Doe</u>, whose legal identity is not known to the plaintiff at the time this action is filed, was at all relevant times in this Complaint an Officer of the Boston Police Department and was acting under color of state law and statue; as well as in her individual capacity. She is being sued in both capacities. Jane Doe will be referred to in this Complaint as "Def. #3" or as "Def. Jane Doe" until the identity of this defendant is provided in discovery and the Complaint is amended to reflect such name. Her current place of employment is at:

> 1 Schroeder Plz.
> Roxbury, MA 02120-2114.

III. <u>STATEMENT OF FACTS</u>

7. The Plaintiff, Theodore Gamble-Williams, hereinafter referred to as either the "plaintiff" or "Mr. Williams" was a legal residence of the Commonwealth of Masachusetts when he was wrongfully shot by an officer of the Boston Police Department ("BPD") during a traffick stop in Jamaica Plain.

8. On or about the 8th day of July of 2021 BPD officer Def. #2 was conducting traffick patrol on foot when he instructed several vehicles to pull over to the side of the road on Washington Street for alleged traffick violations. One car which Mr. Williams was driving. A Ford Torius. No passengers.

3

9. Upon Def. #2 approaching Mr. Williams' vehicle, Mr Williams took notice that the officer appeared to be clearly agitated for unknown reasons.

10. Def.#2 informed Mr. Williams he was being pulled over for allegedly speeding. Mr. Williams complied with the defendant's request for license and registration.

11. When the defendant returned to Mr. Williams' vehicle he directed that Mr. Williams step out of the car. Def. #2 became even more agitated when Mr. Williams began to question as to why he was being asked to step out of his vehicle when the sole reason the officer gave for the traffick stop was due to a minor traffick violation and since there was no visible drugs or visible contraband in the car.

12. Upon seeing the size of Mr. Williams, which was approximately 290 pounds at the time, and being that the plaintiff was a black man; Def.#2 radio for "back-up".

13. When back-up arrived Mr. Williams stepped out of his vehicle and was pat-frisk numerous times by Def. #2.

14. Def. #2 asked for Mr. Williams to step to the rear of the vehicle between his [rear] car and the bumper of the officer's cruiser with a single responding officer, a white female officer not a party in this action.

15. Def. #2 began an unauthorized search of the driver-side of the car without Mr. Williams' consent and without first identifying

4

any established probable cause for searching the car.

16. When another officer of the BPD arrived on location, Def. #3, she stood to the passenger-side of the vehicle while Def.#2 conducted the unauthorized search of the driver-side.

17. Def. #2 walked to the passenger side of the car where Def. Jane Doe stood and temparory conversed with her while pointing to the back seat of the vehicle.

18. Def. John Doe walked over to Mr. Williams and instructed him to be placed in handcuffs because he was being arrested. At that moment, Mr. Williams began to walk away from the officer(s) and a phyiscal struggle occurred.

19. During the struggle Mr. Williams attempted to get back in his car. Def. #2 screamed "gun!" before Mr. Williams made it inside of his car. The non-party female officer asked "was he sure" there was a gun since he "had just searched the car".

20. Mr. Williams grabbed at a thick white bag in the back passenger seat of his vehicle with several thick rags in it. Mr. Williams and Def. #2 both tugged at the bag while Mr. Williams kept hold of the top-handle of the bag. As Mr. Williams turned to run with the white bag the bag tore. ~~and a small handgun flew from the bag and away from the physical altercation~~. The bag landed in the street away from the parties.

21. When Mr. Williams turned to run up the street away from the officers, Def. Jane Doe used excessive force and wrongfully shot

5

at Mr. Williams aiming at his center-mass; however, the bullet from Def. Jane Doe's duty weapon struck Mr. Williams in the lower left stomach and exited from the lower right back causing Mr. Williams extreme pain and discomfort.

22. Initially Mr. Williams took the weapon Def. #3 drew as being a Taser in an attempt to stop Mr. Williams from running.

23. After Def. #3 shot the Plaintiff he was eventually placed in restraints and EMS arrived on location where he recieved initial medical care for the gun shot wound before being transported to the emergency room at Brigham and Women's Hospital.

24. While at the E.R. detectives from the Internal Affairs Unit interviewed Mr. Williams for tofficers use of force and discharging of the firearm.

25. Hours later Mr. Williams was transported to the Nashua County jail and charged with possession of drugs and other offenses on later indicted by grand jury.

25. Mr. Williams continue to suffer from the gunshot wound in physical pains and suffering.

26. Mr. Williams continues to suffer from emotional pains and from mental anguish as a result of the excessive force and wrongful shhoting.

IV. LEGAL CLAIMS

Defendant Boston Police Department

Def. BPD is both responsible and liable, as the municipale and employer of Defendant John Doe and Defendant Jane Doe in their official capacity and as each defendant were acting under color of state law, statue, and custom. Whereupon, Def. BPD is further liable under supervisory liable/responsibility for the violations to Mr. Williams Fourth Amendment under inproper search and seizure of his persons and property and Eighth Amendment against prohibitation from, both, cruel and unusual punishment and the unwanton infliction of pain and suffering.

Defendant John Doe ("Def. #2")

Def. #2 violated Mr. Williams rights under the 4th Amendment when he subjected Mr. Williams to an unauthorized/unconsented search of his vehicle without first clearly establishing probable cause to do so and by seizing Mr. Williams' body without lawful restraint or authority to do so when he failed to identify himself as police and/or by using illegal means of locating contraband in Mr.Williams property.

As a direct rsult of Def. #2 violation to Mr. Williams' 4th Amendment rights, Mr. Williams was wrongfully shot and wounded by a police officer in Mr. Williams attempt to break from the unlawful restraint and arrest/detention from Def. #2.

In violating Mr. Williams' constitutional rights and other applicable rights as provided in the Commonwealth of Massachusetts

Declaration of Rights and Constitution, he done so acting under color of state law and statue and as an employee of Def. BPD.

Defendant Jane Doe ("Def. #3")

Def. #3 violated Mr. Williams' rights as secured by the 8th Amendment to the United States Constitution when she used excessive force by wrongfully shooting Mr. Williams with her service weapon when there was other means of less deadly force to be used in order to lawfully restrain or stop Mr. Williams from fleeing the scene on foot during a traffick stop by Def. #2.

As a direct result of Def.#3 wrongful shooting and excessive use of force, as opposed to her service Taser or Pepper Spray, Mr. Williams was put in a near death circumstance on his life and was robbed of his Liberty in violation of his 14th Amendment rights to due process.

In furtherance, Def.#3 subjected Mr. Williams to the unwanton and unncessary infliction of, both, physical pain and suffering and mental anguish and emotional distress as a result of wrongfully shooting and wounding Mr. Williams.

When Def.#3 used the excessive force she was acting under color of state law and statue and custom. She was an employee of Def.BPD and in her official capacity.

## VI. CLAIMS FOR RELIEF

Mr. Williams seeks the following relief against the defendants:

1. Compensatory damages in the amount of $10 million against Defendants John Doe and Jane Doe, to be paid separately, for the constitutional violations and pain and suffering.
2. Compensatory relief of $1 million against defendant BPD for supervisory liablity.
3. Punitive relief in the amount of $5 million against Def. Jane Doe for wrongful shooting, pain and suffering, future medical expenses, mental anguish, and emotional distress.
4. Any further relief the jury deems just and equal for the defendants actions and inactions.
5. A trial by jury.

*** ***

THIS SECTION IS INTENTIONALLY LEFT BLANK

## CONCLUSION

WHEREFORE, Mr. Gamble-Williams prays the Court grants the relief sought.

Under the pains and penalties of perjury, the Plaintiff, Mr. Theodore Gamble-Williams submitts on this 12th day of March, year 2024, in Plymouth County that this Complaint and the facts stated thereof are true and correct except as those facts, information, and statements that are stated under belief:

EXECUTED BY: *[signature]*
Theodore Gamble-Williams
pro se plaintiff.


Theodore Gamble-Williams
#W117585
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

COMPLAINT EXHIBIT #1

Theodore Gamble-Williams
#W117585
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

March 12th 2024

Boston Police Department
c/o Legal Division or Legal Counsel

IN RE: <u>DEMAND LETTER & NOTICE OF INTENT.</u>

Dear Whom May Be Concerned:

   I am demanding that the BPD provide me with compensatory damages in the total amount of $25 million dollars for the Department's wrongful shooting on July 7, 2021 and the excessive force thereof.

   If these demands are denied, a federal civil action will immediately be filed against you and the officers involved. <u>PLEASE SEE ATTACHED COMPLAINT DRAFT.</u>

*/s/ Theodore Gamble-Williams*