UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THEODORE GAMBLE-WILLIAMS,          )
                                   )
       Plaintiff,                  )
                                   )     Civil Action
       v.                          )     No. 24-10701-PBS
                                   )
CITY OF BOSTON, et al.,            )
                                   )
       Defendants.                 )

**ORDER**

July 28, 2025

SARIS, D.J.

Pro se Plaintiff Theodore Gamble-Williams initiated this action while in custody at the Old Colony Correctional Center in Bridgewater, Massachusetts. On August 23, 2024, Plaintiff's motion for leave to proceed in forma pauperis was conditionally allowed conditioned on Plaintiff filing a copy of his prison account. Doc. No. 10. At that time, the clerk issued a summons for the City of Boston and Plaintiff was advised if he discovers the true names of the Doe defendants, he should move to amend the complaint. Id.

On January 6, 2025, having allowed the City's unopposed motion to dismiss, this action was dismissed without prejudice for plaintiff's failure to file a copy of his prison account statement and amended complaint to substitute the names of the John and Jane Doe defendants. Doc. No. 19. Several weeks

later, on January 27, 2025, Plaintiff filed a copy of his prison account statement. Doc. No. 22.

Plaintiff has since filed a notice of change of address as well as several letters concerning the status of this case. Doc. Nos. 23 – 28. In his most recent letter, Plaintiff seeks to reopen the case explaining that he was previously unable to provide the true names of the Doe defendants. Doc. No. 28.

Based upon the foregoing, it is hereby Ordered that

1. Plaintiff's letter, Doc. No. 28, construed as a motion to reopen, is ALLOWED and the Clerk of Court is directed to REOPEN this action.

2. Having satisfied the condition for proceeding <u>in forma pauperis</u>, albeit late, Plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Doc. No. 6) is ALLOWED.

3. Plaintiff shall, <u>on or before August 29, 2025</u>, file an amended complaint, or this action will be dismissed. Any amended complaint must identify the John and/or Jane Doe defendants and cannot rely on the original complaint. The filing of an amended complaint completely replaces the original complaint. <u>Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.</u>, 644 F.3d 5, 9 (1st Cir. 2011). The case caption of the amended complaint should clearly name each party he intends to sue. <u>See</u> Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the "Statement of

2

Claim" section of any amended complaint, plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  See Fed. R. Civ. P. 10(b).

    Failure to comply with these directives on or before August 29, 2025, may result in dismissal of this action.

    4.   The Clerk of Court shall send to Plaintiff a blank civil rights complaint form with a copy of this Order.

    5.   Summonses shall not issue absent further order of the Court.

SO ORDERED.

                              /s/ Patti B. Saris
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE